WEED SEWING MACHINE CO. VS. SUCCESSION OF J. S. BROWN.

GUNBY, J. This is a suit against the sureties on a sewing machine agent's bond. Held: that it being shown that the principal's succession is utterly insolvent, it was not necessary to make it a party to the suit.

2. Merely delaying to bring suit against the principal will not release the sureties. 26 An. 243; 28 An. 274.

3 Where one of defendants is sued in a representative capacity, she must except to her want of capacity *in limine litis.* Otherwise, judgment will be rendered against her, and she be precluded from denying her capacity.

4. The sureties are not bound for ten per cent. attorney's fees which the agent agreed to pay.

---

J. R. BIGGER VS. J. & M. LEVY.

1. Where a building contract was drawn up by plaintiff, who is a master mechanic, any obscurity in the contract will be construed against him, and in favor of defendants, who contracted the obligation which is sought to be enforced. C. C. 1958.

2. The Judge *a quo* properly admitted carpenters to testify as to the customary meaning of certain technical phrases used in the contract sued on. C. C. 1947.

---

L. H. JELKS VS. DOUGLAS, SHERIFF, ET AL.

MAYO, J. Where plaintiff claims to be the owner of property seized and advertised for sale by the sheriff, and before the sale represents the facts under oath to the Judge, and declares his inability to give an injunction bond, but obtains an order from the Judge, directing the sheriff to hold the proceeds in his hands until the suit is determined, held: This is not properly a third opposition; but plaintiff having proved his ownership, he will be held to have ratified the sale of his property by the sheriff and will be entitled to the proceeds. 19 An. 163. But if the property sell for less than its value, plaintiff cannot recover damages from the seizing creditor; by his peculiar pleadings he has made the sale his own.

---

G. C. SPENCER VS. R. M. MORRIS.

GUNBY, J. It is always competent to show by parol the real consideration of a written instrument, although this consideration be different from that expressed in the contract, and it seems to be universally admitted that such parol evidence does not contradict or vary the written document. C. C. 1900; 32 An. 432; 13 An. 25, 410; 4 An. 53, 441, 540; 5 An. 403; 2 An. 93.